IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLYDE FRANKLIN HOLLAND, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 5:16-CV-539-MTT-MSH |
| MACON STATE PRISON, *et al.*, | : | |
| Defendants. | : | |

## **ORDER AND REPORT AND RECOMMENDATION**

Pending before the Court is Defendants McLaughlin, Howard, Charles, Mango, Ellis, and Augusta University's motion for summary judgment (ECF No. 61) and Plaintiff's motion seeking appointed counsel (ECF No. 67). For the reasons explained below, Plaintiff's motion is denied and it is recommended that Defendants' motion for summary judgment be granted.

## **BACKGROUND**

Plaintiff's claims arise from his incarceration at the Macon State Prison ("MSP"). Am. Compl. 5, ECF No. 4. He alleges that on November 4, 2016, he began experiencing symptoms of a heart attack, including a headache; weakness, numbness, and tingling in his hands; and chest pain. *Id.* Plaintiff alerted two prison guards to his condition, and they attempted to contact the medical department to advise them they "ha[d] a medical emergency" and required immediate assistance. *Id.* After approximately one hour passed with no response from medical, Plaintiff alleges he saw Defendants Charles and Mango,

prison officials, and informed them that he was having a heart attack. *Id.* Plaintiff alleges neither Defendant took any action and that they were "clearly hoping [Plaintiff] would die of [a] heart attack." *Id.*

Plaintiff also alleges he never received treatment for his heart attack and filed emergency grievances related to this lack of care, stating that his condition was "life threatening." *See* Am. Compl. 8. In his second amended complaint, Plaintiff also appears to allege that Defendant Mango falsely noted—in the "dorm log book"—that Plaintiff had been to medical. 2nd Am. Compl. 3, ECF No. 29.[1] He also states that Defendant Ellis told Defendant Mango not to bring Plaintiff to medical, because she would "check him" at his cell. *Id.* Plaintiff alleges that Defendant Howard, a grievance coordinator, and Defendant McLaughlin, the prison warden, failed to take action on his emergency grievances and falsified documents in response to such grievances. *Id.* Plaintiff also appears to allege that Defendants' refusal to provide him with appropriate medical care was retaliation for a civil complaint Plaintiff previously filed against some of the named Defendants. *See, e.g.,* Am. Compl. 6.

Following preliminary review, the Court determined that Plaintiff's medical deliberate indifference claims against Defendants McLaughlin, Howard, Charles, and Mango could proceed, as could his retaliation claims against Defendants McLaughlin and Howard. Order 2, Oct. 31, 2017, ECF No. 35. His other claims were dismissed without

---

[1] Plaintiff attached a proposed amended complaint to his motion seeking leave to amend (ECF No. 29). The Court granted Plaintiff leave to amend and thus, considers the proposed amendment attached to his motion to be his second amended complaint. Plaintiff later submitted a copy of the same document as an "amended complaint" (ECF No. 40).

2

prejudice. *Id.* On April 26, 2018, the Court granted Plaintiff leave to amend his complaint, adding Defendants Ellis, Hutchins, and Georgia Regents University. Order 1, ECF No. 39. On September 17, 2018, Defendants filed their joint motion for summary judgment (ECF No. 61).[2]

## DISCUSSION

### I. Motion for Appointed Counsel

Plaintiff has again moved for the Court to appoint counsel to assist him in this case. 2nd Mot. to Appoint Counsel 1, ECF No. 67. The Court denied Plaintiff's prior motion (ECF No. 38) because he failed to show extraordinary circumstances justifying the appointment of counsel. Order 2-3, April 26, 2018, ECF No. 38. Now, Plaintiff argues counsel should be appointed because he cannot afford counsel, has limited knowledge of federal law, and believes Defendants' summary judgment motion presents complex issues. 2nd Mot. to Appoint Counsel 1.

There is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Indeed, "appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such circumstances do not exist here. In deciding whether legal counsel should be provided, the Court considers, *inter alia*, the merits of Plaintiff's claims and the complexity of the issues

---

[2] Defendant Hutchins has yet to be properly served and is not included in Defendants' motion. The Court has directed Plaintiff to provide details sufficient to effectuate service upon Defendant Hutchins (ECF No. 55) but he has not done so. *See* Resp. to Order 1-2, ECF No. 56.

presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc). The facts of this case are not overly complicated and the law governing Plaintiff's claims is neither novel nor complex. Accordingly, Plaintiff's renewed motion seeking appointed counsel (ECF No. 67) is denied.

## II. Summary Judgment

### A. Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

"The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion [] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks and citations omitted) (alterations in original). "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other

relevant and admissible evidence beyond the pleadings." *Id.* (internal quotation marks and citations omitted). "The non-moving party does not satisfy its burden if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Id.* (internal quotation marks and citations omitted).

Under Local Rule 56, a non-movant must respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L. R. 56. Accordingly, the Court deems admitted those facts not specifically controverted by Plaintiff.

B. Defendants' Motion

Defendants first moved for summary judgment on September 17, 2018, (ECF No. 61) and supplemented that motion on September 20, 2018 (ECF No. 63). Plaintiff first responded to Defendants' motion on October 1, 2018, (ECF No. 66) and later submitted a brief in opposition to the motion (ECF No. 71) as well as his own statement of material facts (ECF No. 72). Because no genuine issue exists regarding any material fact such that trial is required, the Court recommends granting judgment in favor of each remaining Defendant.

### 1. *University Defendant*[3]

First, Defendants argue that Plaintiff's claims against "Georgia Regents University" should be dismissed because they are barred by the Eleventh Amendment. Br. in Supp. of Mot. Summ. J. 10, ECF No. 61-1. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). The amendment's protections apply to any defendant that is acting "as an arm of the State." *Id.* Entities that are part of the state of Georgia's university system are considered arms of the state and thus privy to the Eleventh Amendment's protections. *See, e.*g.*, Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017). Accordingly, the defendant named by Plaintiff as "Georgia Regents University" is immune from suit under the Eleventh Amendment, and his claims against it should be dismissed.

### 2. *Remaining Defendants*

The foundation of Plaintiff's remaining claims—his allegation that he had a heart attack or stroke on November 4, 2016, which went untreated—cannot survive Defendants' motion for summary judgment. Accordingly, it is recommended that Defendants' motion be granted and the remainder of Plaintiff's claims be dismissed.

A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment. *Farrow v. West*,

---

[3] Defendants contend, "[a]s an initial matter," that the defendant named by Plaintiff as "Georgia Regents University" should, if properly named, be addressed as "The Board of Regents of the University System of Georgia." Br. in Supp. of Mot. Summ. J. 9, ECF No. 61-1.

320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

There is no material dispute as to whether Plaintiff suffered from an objectively serious medical need such that there would be a genuine issue for trial. Although Plaintiff summarily states he suffered a heart attack or stroke on November 4, 2016, Defendants have shown that, even when viewed most favorably to Plaintiff, this claim is unsustainable. Defendants have submitted Plaintiff's medical records which contain no evidence that Plaintiff suffered a heart attack or stroke in November 2016, complained of such an incident at other times when interacting with prison medical staff, or that Plaintiff subsequently experienced heart attack, stroke, or symptoms of the same. Medical Records, ECF No. 61-7. Defendants have submitted additional evidence supporting their assertion that the medical emergency Plaintiff based his claims on never actually existed. Defs.' Statement of Material Facts ¶¶ 2-8, 24-56, ECF No. 61-2; Nichols Decl., ECF No. 61-6. Plaintiff's conclusory allegations cannot overcome Defendants' overwhelming evidentiary showing. *See* Pl.'s Statement of Material Facts 1, ECF No. 72. Accordingly, it is recommended that Plaintiff's remaining claims—including his retaliation claims which are also based on his alleged medical emergency going untreated—be dismissed.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion for summary judgment (ECF No. 61) be granted and Plaintiff's motion seeking appointed counsel (ECF No. 67) is denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 29th day of May, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE