IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLYDE FRANKLIN HOLLAND,

    Plaintiff,

vs.

MACON STATE PRISON, *et al.*,

    Defendants.

CIVIL ACTION NO. 5:16-CV-539 (MTT)

## **ORDER**

Plaintiff Clyde Franklin Holland has moved to proceed in forma pauperis on appeal. Doc. 91.

Holland seeks to appeal the judgment in favor of the Defendants entered on August 15, 2019. Doc. 89. He also seeks to appeal the denial of his motion for appointment of counsel. Doc. 84. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Documents, including a prisoner account statement, filed in this Court on August 30, 2019 indicate that Holland is unable to pay the $505 appellate filing fee. Doc. 91.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Holland states that the Court erred when it failed to follow legal precedent and the Georgia Department of Corrections Standard Operating Procedures, both of which

require prisoners to receive emergency medical care, including "outside" emergency medical care, for chest pains within six to nine minutes. Doc. 91 at 1. He states the Court also erred when it denied his motion for appointment of counsel. *Id*. This Court's review of the record, including the Report and Recommendation, Doc. 84; Objection to the Report and Recommendation, Doc. 85; Response to Objection, Doc. 86; "Affidavit of Facts to the Response," Doc. 87; and the August 14, 2019 Order, Doc. 88, demonstrates that Holland's appeal is frivolous. The appeal, therefore, is not brought in good faith. Holland has raised no issues with arguable merit.

Consequently, Holland's application to appeal in forma pauperis, Doc. 91, is **DENIED**.

If Holland wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Holland has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Holland is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Holland's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Holland is incarcerated.

**SO ORDERED**, this 3rd day of September, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT